UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAUGHN COLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONMOUTH COUNTY<br>CORRECTIONAL INSTITUTE, et al.,<br><br>　　　　Defendants. | Civil Action Nos.  21-2034 (FLW)<br>　　　　　　　　　　21-3323 (FLW)<br><br>MEMORANDUM & ORDER |

　　　　Plaintiff Vaughn Collins, currently confined Monmouth County Correctional Institute ("MCCI"), seeks to bring civil actions *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Court previously denied Plaintiff's applications to proceed *in forma pauperis* in Civ. Act. No. 21-2034 and Civ. Act. No. 21-3323 because he did not submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2).  Specifically, he did not submit his prison account statement for the six-month period immediately preceding the filing of this litigation.

　　　　Plaintiff has submitted his account statement, and the Court will grant Plaintiff's application to proceed *in forma pauperis* in Civil Action No. 21-2034 at this time.  Civil Action No. 21-2034 and Civil Action No. 21-3323 appear to arise from the same incident (or incidents).  Thus, prior to assessing a second filing fee in Civil Action No. 21-3323 and screening both Complaints for dismissal, the Court will provide Plaintiff with an opportunity to submit an Amended Complaint in Civil Action No. 21-2034, the first-filed action, to consolidate his claims in one action.  In his Amended Complaint, the Court will also permit Plaintiff to address other

1

deficiencies in his Complaint in Civ. Act. No. 21-2034, as described in this Memorandum and Order.

Plaintiff's Complaint in Civ. Act. No. 21-2034 asserts claims of excessive force related to an alleged assault by Defendant Officer B. Jacobs that occurred at MCCI or about October 29, 2020. *See* Civil Act. No. 21-2034, ECF No. 1. Plaintiff also alleges that Defendant Jacobs called for additional corrections officers, and these corrections officers also assaulted Plaintiff, but the individual corrections officers are not identified in any way. *See id.* Plaintiff further alleges that he was handcuffed too tightly and has scars, but he does not identify the individual who handcuffed him. Plaintiff also appears to allege that he was denied medical care after the assault, but he does not identify the individual(s) who denied him medical care. *See id.*

The following day, on October 30, 2020, Officer Holler allegedly "threatened" to give Plaintiff a special food tray, and Plaintiff began to flood his cell. *Id.* In response, Plaintiff was pepper sprayed by a corrections officer who is not identified, and Plaintiff was allegedly left in his cell for two hours before he received medical care. *See id.*

In Civ. Act. No. 21-3323, filed shortly after Civ. Act. No. 21-2034, Plaintiff alleges that Defendant Officer Ruchalski failed to intervene in the October 29, 2020 assault by Officer B. Jacobs. *See* Civ. Act. No. 21-3323, ECF No. 1.

Because the Complaints in Civ. Act. No. 21-2034 and Civ. Act. No. 21-3323 appear to arise from the same alleged incident of excessive force October 29, 2020, the Court will provide Plaintiff with an opportunity to submit an Amended Complaint in Civ. Act. 21-2034 to consolidate his claims against both Defendants in the first-filed action. Plaintiff should also inform the Court as to whether he consents to the dismissal of Civ. Act. No. 21-3323, the later-filed action.

In his Amended Complaint, Plaintiff should also clarify whether he intends to sue any individual Defendants other than Officer B. Jacobs and Officer Ruchalski.  If so, Plaintiff should 1) identify each individual Defendant in the caption of his Amended Complaint and 2) describe the misconduct he attributes to each individual Defendant.  If Plaintiff is unable to identify such individuals by name, he should identify such individuals as John or Jane Doe, i.e., John Doe #1, John Doe #2, etc.

The Court notes that when Plaintiff submits an Amended Complaint in Civ. Act. No. 21-2034, that Amended Complaint will replace the original Complaint.  *Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit."); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *3 n.2 (D.N.J. Jan. 6, 2014) ("Plaintiff should note that an amended complaint supersedes prior complaints.") (citing *Snyder*).

**THEREFORE**, it is on this 21st day of April 2021;

**ORDERED** that Civ. Act. Nos. 21-2034 and 21-3323 shall be marked as OPEN; and it is further

**ORDERED** that Plaintiff's IFP application in Civ. Act. No. 21-2034 is GRANTED; and it is further

**ORDERED** that Civ. Act.  No. 21-2034 and Civ. Act. No.  21-3323 appear to arise from the same incident; therefore, prior to assessing a second filing fee in Civ. Act. No. 21-3323 and screening both Complaints for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will permit Plaintiff to submit an Amended Complaint in 21-2034, the first-filed action, to consolidate and clarify his claims; and it is further

**ORDERED** that within 30 days of his receipt of this Order, Plaintiff may submit an Amended Complaint in Civ. Action No. 21-2034, as explained in this Memorandum and Order; the Amended Complaint will supersede the original complaint in Civ. Act. No. 21-2034; and it is further

**ORDERED** that Plaintiff also shall inform the Court as to whether he consents to the dismissal of Civ. Act. No. 21-3323, the later-filed action; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE Civ. Act. No. 21-2034 and Civ. Act. No. 21-3323, pending Plaintiff's response to the Court's Memorandum and Order and his submission of an Amended Complaint in Civ. Act. No. 21-2034; and it is further;

**ORDERED** that the Clerk of the Court shall file a copy of this Memorandum and Order in Civ. Act. No. 21-2034 and Civ. Act. No. 21-3323; and it is further

**ORDERED** that the Clerk of the Court shall also send a copy of this Order to Plaintiff by regular U.S. mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge